CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
JUL 30 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GEORGE ALEXANDER PORTER,** ) | | |
| Petitioner, ) | | Civil Action No. 7:09cv00465 |
| ) | | |
| v. ) | | **MEMORANDUM OPINION** |
| ) | | |
| **GENE M. JOHNSON,** ) | | By: Samuel G. Wilson |
| Respondent. ) | | United States District Judge |

George Alexander Porter, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Porter's petition raises a host of claims, including a claim that his counsel provided ineffective assistance in failing to note an appeal and a claim that the trial judge abused his discretion by sentencing Porter to a sentence greater than the sentencing guideline recommendation. The court finds that Porter's claim that counsel was ineffective in failing to note an appeal is now moot because he was given the opportunity to file a belated appeal and all of Porter's remaining claims, except his claim that the trial judge abused his discretion, are defaulted. Porter has not demonstrated grounds to excuse his default and his only possible non-defaulted claim raises a state law issue, and state law issues are not cognizable on federal habeas review. Accordingly, the court grants respondent's motion to dismiss.

## I.

Pursuant to a written plea agreement, Porter pled guilty to attempting to take indecent liberties with a minor, in violation of VA. CODE § 18.2-26, attempting to use electronic means to procure a minor for obscene material, in violation of VA. CODE §§ 18.2-374.3 and 18.2-26, and three counts of possession of child pornography, in violation of VA. CODE § 18.2-374.1:1. The Circuit Court of the City of Roanoke sentenced Porter to a total of twenty-five years incarceration, with fifteen years suspended. Porter did not appeal.

Later, Porter filed a petition for writ of habeas corpus in the Circuit Court of the City of Roanoke. Porter claimed that the prosecutor misrepresented the evidence against Porter and that counsel provided ineffective assistance in failing to (1) file an appeal, (2) fully advise Porter of the elements of the charges against him as well as the pertinent standards of proof, (3) argue a suppression motion filed by Porter's previous attorney, (4) advise Porter that he did not have to testify, and (5) seek a sentence reduction. The Circuit Court found that counsel was ineffective in failing to file an appeal, and Porter was granted a late appeal. The Circuit Court, however, rejected Porter's remaining claims. It found that Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), barred Porter's prosecutorial misconduct claim because Porter had not raised the claim at trial, and it rejected Porter's remaining ineffective assistance claims on the merits because those claims failed under Strickland v. Washington, 466 U.S. 668 (1984). Porter appealed the denial of his remaining claims, but he never perfected that appeal.

Porter did, however, perfect a belated direct appeal of his criminal conviction pursuant to the Circuit Court's order in his habeas case. On that direct appeal, Porter raised the single claim that the trial judge abused his discretion by sentencing Porter to a sentence greater than the sentencing guidelines recommendation. The Court of Appeals of Virginia denied the appeal on the ground that it is well settled in Virginia that a sentence that does not exceed the statutory maximum will not be overturned as being an abuse of discretion. Porter, in turn, appealed that denial to the Supreme Court of Virginia which also denied his appeal.

Porter then filed a second state habeas petition, this time with the Supreme Court of Virginia. Porter's second petition asserted that: the trial judge abused his discretion by imposing a sentence of twenty-five years, that Porter's sentence was excessive, and that the prosecutor

maliciously prosecuted Porter by knowingly misrepresenting the facts. The Supreme Court of Virginia dismissed all of Porter's claims as successive under VA. CODE § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for writ of habeas corpus) and as barred under Slayton (finding that claims are procedurally defaulted if they could have been raised at trial and on direct appeal but they were not). Porter filed a motion for rehearing which that court denied.

Porter then filed this federal petition for writ of habeas corpus claiming that: (1) counsel provided ineffective assistance in failing to note an appeal, failing to object to the prosecutor's misrepresentation of facts, insisting that Porter make a statement or testify, failing to move for a sentence reduction, and failing to raise Constitutional issues on appeal, as instructed, (2) the trial judge imposed an excessive sentence by mandating that Porter's sentences run consecutively rather than concurrently, (3) the trial judge abused his discretion in sentencing and in setting Porter's conditions of release, (4) the prosecutor maliciously prosecuted Porter by knowingly misrepresenting facts, (5) the trial judge violated Double Jeopardy by running Porter's sentences consecutively rather than concurrently, and (6) Porter's guilty plea was not knowing and voluntary because the prosecutor "tricked" him into pleading guilty.

## II.

Porter claims that counsel provided ineffective assistance in failing to note an appeal. However, because the Circuit Court of the City of Roanoke granted Porter leave to file a belated direct appeal, this claim is now moot.

Generally, issues become moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486,

496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Accordingly, when changes occur during the course of litigation that eliminate the petitioner's interest in the case's outcome or the petitioner's need for the requested relief, the case or claim must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.").

Here, Porter claims his trial attorney provided ineffective assistance in failing to note an appeal on Porter's behalf. Because the Circuit Court granted Porter's petition for writ of habeas corpus in regard to this claim and he was permitted to file a belated appeal, this claim is now moot and the court dismisses it.

### III.

A federal court ordinarily will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim will be defaulted if either a state court has expressly found that review is barred by a state procedural rule, or if the claim was not presented to all appropriate state courts and a state procedural rule would now bar review. All of Porter's remaining claims, except possibly one, fall under these two categories and because Porter has not demonstrated grounds to excuse his default, the court dismisses them. The one claim that appears to have been exhausted and not otherwise procedurally defaulted is the claim that Porter raised on his direct appeal before the Court of Appeals of Virginia and the Virginia Supreme Court that the trial judge abused his discretion by sentencing him to a sentence greater

than the sentencing guideline recommendation. This claim, however, is not a federal claim for which this court can grant federal habeas relief. Accordingly, the court also dismisses this claim.

Porter was required to exhaust the claims he is raising by fairly presenting them to the Supreme Court of Virginia in conformity with the state's procedural rules. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, a habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002). Nevertheless, "[a] claim that has not been presented to the highest state court . . . may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see also Gray v. Netherland, 518 U.S. 152, 161 (1986).

Here, the only claim that appears to have been exhausted and not otherwise procedurally defaulted is Porter's claim that the trial judge abused his discretion. This claim, however, is not cognizable on federal habeas review as it is a state law claim that does not raise federal constitutional issues. See Humphries v. Ozmint, 397 F.3d 206, 226 (4th Cir. 2005) (holding that issues of state law are not cognizable on federal habeas review). Accordingly, the court

dismisses this claim. As for Porter's remaining claims, they are all either defaulted under Slayton or are now simultaneously exhausted and procedurally barred from federal habeas review as successive under VA. CODE § 8.01-654(B)(2). Although the court notes that a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either cause and prejudice or a miscarriage of justice, see Coleman, 501 U.S. at 750, Porter has offered nothing to excuse his procedural default. Accordingly, the court dismisses his remaining claims as procedurally defaulted.

## IV.

For the reasons stated herein, respondent's motion to dismiss is granted.

**ENTER:** This 30th day of July 2010.

UNITED STATES DISTRICT JUDGE